## Appeal of William McCague et al.

Where an alley has been dedicated by the original owner of ·the land, to public use, the municipal authorities may thereafter open it without process to assess damages; but ·if proceedings are had, under the statute, to assess damages for its opening, the owners of adjacent land purchased from such original owner after the dedication of the alley, who have encroached upon the dedicated land, cannot be heard to complain of such proceeding.

(Argued April 13, 1888.   Decided May 14, 1888.)

January Term, 1888, No. 393, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Quarter Sessions of Luzerne County confirming the report of viewers appointed to assess damages in opening an alley in the borough of Pittston, September Term, 1886, No. 360.   Affirmed.

The proceeding was commenced by petition by the borough of Pittston, under the act of April 26, 1856 (Purdon's Digest, 212), and viewers were appointed, who reported, inter alia: "We found all the bed of said alley of the width of 10 feet dedicated to the public; all of the deeds of· the said several properties callig for said alley as a boundary.   After hearing the testimony for and against the claims for damages and contribution, and after viewing said premises, and after having given due regard to both the

advantages and disadvantages caused to the several properties along the line of and adjoining said alley, we find the alley is required for public use, that the benefits arising from the opening of said alley offset the damages claimed, and that the alley be opened, and that no damages be assessed or allowed to, nor no contribution be assessed upon, the several properties along or adjoining said alley."

To this report William McCague *et al.* filed the following exceptions:

1. Said viewers exceeded their authority and erred in finding that said proposed alley had been dedicated to public use.

2. They erred in finding that said proposed alley was necessary for public use and convenience, and should be opened.

3. They also erred in not awarding damages to Patrick Burns, William McCague, Mrs. M. Murtagh, John Gibbons, J. J. Roberts, and Mrs. M. English, who own property on the line of said proposed alley, and will be damaged thereby.

4. The viewers appointed were not disinterested freeholders of said borough, as required by law.

5. They failed to note or mention the improvements on property adjacent to line of said alley in their report, as required by law.

These exceptions were overruled and the report confirmed by the court, with the following opinion, per WOODWARD, J., in which the facts are stated:

October 2, 1886, viewers were appointed to assess damages arising from the opening of an alley, between Elizabeth street and Johnson street, in the village of Oregon, in the borough of Pittston. This alley had been laid out upon the plans of the borough many years before, but not opened in the form prescribed by the statute, for the reason that the public necessities had not so required. The viewers reported in favor of opening the alley, and against the allowance of damages to any of the property owners adjacent thereto. They state also in their report:

"We found all the bed of said alley of the width of ten feet dedicated to the public, all of the deeds of the said several properties calling for said alley as a boundary."

To this report exceptions were filed by several parties owning lots on the line of the proposed public alley; and depositions were taken in support of and against the exceptions.

In our view of the case thus presented, the main question to be considered is whether the exceptants have any standing, in contemplation of law, to demand damages in the present proceeding. And this question depends upon the ascertainment of the fact as to whether any of them hold the legal title to any of the land covered by the alley, or, in other words, whether they do not hold their respective titles, bounded by the alley in question, and subject to the right of the public to its use and enjoyment.

The alley in question was originally laid out by the Pennsylvania Coal Company, some twenty years ago. This company owned a large plot of land, which was surveyed and divided up into building lots, one block of which fronted on Johnson street, and the other on Elizabeth street. All these lots extended back to an alley, and all the contracts for lots sold called for this alley as a rear line or boundary. The testimony of George Johnson, the land agent of the company, is as follows: "It was intended that there should be an alley between Johnson and Elizabeth streets, said alley to run from Railroad to East street. On Railroad street the east line of the alley was 109 9/10 feet from Elizabeth street. The east line of said alley was 104 4/10 feet from Elizabeth street, on the southerly side of East street. The east line of the alley is a straight line. Mrs. Mary Murtagh's, Mary English's, Patrick Burns's, and J. J. Roberts's back fences are in the alley way.

The alley calls for 10 feet, but the exceptants' fences take up the whole alley, except about 18 inches. The depth of the exceptants' lots, as described in their deeds, corresponds with the distance from Elizabeth street to the east line of the alley, etc.

In another deposition Mr. Johnson makes a further statement which seems to throw light on the matter under consideration. He says: "Mr. Burns was among the earliest, if not the earliest, purchaser of land in this block. I sold Mr. Burns, on contract, 115 feet to an alley. I think Patrick O'Reilly staked out the Burns lot. He was an employee of the Pennsylvania Coal Company." The witness then says that he was "misled by the work of Mr. O'Reilly into drawing the papers for 115 feet instead of the proper depth; and I have offered and still stand ready to reimburse Mr. Burns, per square foot, for any land described in the contract, which I now fail to furnish him. . . . I had Mr. Dickey go over Mr. O'Reilly's work, and he discovered the error. O'Reilly represented the distance from

Elizabeth street to the alley to be 115 feet, which Mr. Dickey found to be incorrect. .. . . When O'Reilly surveyed Burns's lots, I think he also surveyed the block to Johnson street. . . . The map which I have here has been corrected in accordance with the different surveys made, and the difficulty arises from Johnson and Elizabeth streets not being parallel, a fact which Mr. O'Reilly did not observe when he did his work."

From this, as well as much other evidence submitted to us, we are satisfied that the alley, which it is now proposed to open, was laid out by the Pennsylvania company before the exceptants bought the lots which they now own. By a mistake of the surveyor, who prepared the draft from which the contracts were made, the distance from Elizabeth street to the alley was described as 115 feet, instead of 106.2 feet, as it should have been. Subsequently, when the deeds came to be made, this error was corrected, and the distance from the street to the alley is described in the deeds in accordance with the true location. The rule of the law in such a case is that "a deed for land accepted by the vendee, after articles of agreement, though it differ in some respects from the articles, is to be considered as exprssing the ultimate intent of the parties, where there is no misconception of the deed by either party." Crotzer v. Russell, 9 Serg. & R. 78; Moser v. Miller, 7 Watts, 156; Wilson v. M'Neal, 10 Watts, 422.

It is certainly true, as contended by the learned counsel for the exceptants, that where there is a discrepancy between the courses and distances in the deed, and the marks and monuments made upon the ground, the former must yield to the latter. See Willis v. Swartz, 28 Pa. 413; Ogden v. Porterfield, 34 Pa. 191; Cox v. Couch, 8 Pa. 147.

But in the present case, the monument on the ground is the alley, as it was originally located by the Pennsylvania Coal Company, when it laid out the lots fronting upon Johnson and Elizabeth streets, and bounded them upon an alley 10 feet in width. Any encroachment upon the alley thus established, by building fences or otherwise, cannot, in our judgment, be held to have the effect either of changing its location, or of wiping it out entirely, as must needs be the case if the exceptants are to be allowed to extend their lines beyond the distance called for in their deeds.

An opportunity to apply the doctrine of the law on this subject would have been presented if the distances named in the deeds had been less than sufficient to reach the line of the alley. In that event we would be bound to hold that the alley was the true boundary, and that the description by distance must give way to the marks on the ground.

The alley laid out by the borough of Pittston would seem to have been the same alley established by the Pennsylvania company. Such, no doubt, was the intention. The proceedings in the present case are simply to open an alley which the borough had already laid out and dedicated to public use. See act of 1856, Purdon's Digest, 212, pl. 141.

Even if the viewers exceeded their authority, or erred in reporting that the proposed alley had been dedicated to public use, this would amount to nothing more than harmless surplusage. So in reference to their finding that the alley was necessary, for this was legally determined when the borough laid it out as such. The fifth exception is founded on the failure of the viewers to note the improvements on the properties adjacent to the alley. But the act of 1856 only requires the viewers to "describe the properties upon which assessments have been made." As no assessments were made, it would seem unnecessary to describe the properties.

The exceptions are overruled, and the report is confirmed.

A decree was entered accordingly, and the exceptants appealed, assigning as error the dismissal of the several exceptions.

*John McGahren,* for appellants.—In cases of extreme hardship, where manifest error has been committed, there is authority to the effect that depositions taken and filed in the quarter sessions, and sent up with the record on a certiorari, will be considered. *Re* Road, 2 Penr. & W. 207; *Re* Road, 26 Pa. 221; *Re* Pearl Street, 111 Pa. 571, 5 Atl. 430.

If the land were "dedicated," which means an actual giving of the same by the owners thereof, and acceptance by the public (Schenley v. Com. 36 Pa. 59, 78 Am. Dec. 359), it would obviate the necessity to have a jury of viewers appointed to assess the damages.

Under the general road law of this state, passed June 13,

1836, Purdon's Digest, 1497, provision is made for the appoint-
ment of viewers to assess damages upon the petition of the own-
er of any land through which a public road shall be opened.

The powers conferred upon viewers under this act are as co-
extensive and plenary as under the act of 1856 relating to bor-
oughs.    Yet by the construction placed upon it by this court,
it was held that the duty of viewers is to deal with the question
of damages.    The question of location is not within their ju-
risdiction.    They are to assess the damages done in opening the
road complained of.    Anything else in their report is *coram
non judice*.    Schuylkill County's Appeal, 38 Pa. 463.

A jury for assessing damages and benefits has no authority to
decide a dispute as to title between owners claiming the same
piece of property.    The court alone can do this in some formal
manner.    *Re* Conshohocken Avenue, 34 Phila. Leg. Int. 339.

Even if the land had been dedicated before the alley was
opened, it would not deprive the owners of the right to demand
indemnification for any injury they might sustain.    Lehigh
Street's Appeal, 81* Pa. 85.

The grant of a lot on a street laid out but not opened is not a
dedication of the land to public use.    *Re* Forbes Street, 70 Pa.
125.

In order to constitute a dedication there must be an accept-
ance by the public.    Pittsburg, Ft. W. & C. R. Co. v. Dunn, 56
Pa. 284.

A description by known boundaries passes exactly what is
included by them, although the measurement of the distances
should overrun the quantity called for, or fall short of it.
Mackentile v. Savoy, 17 Serg. & R. 104; Murphy v. Campbell,
4 Pa. 485.

The courses and distances in a deed must yield to the marks
and monuments made upon the ground.    Willis v. Swartz, 28
Pa. 413; Ogden v. Porterfield, 34 Pa. 191.

*C. F. Bohan*, for appellee.—By § 2 of the act of April 22,
1856, it is provided that on hearing of such parties as choose to
contest the report of viewers, the court may modify, approve,
and confirm the said report, which confirmation shall be final
and conclusive upon all the parties.    As the court below has
confirmed the report of viewers, and found no damages to appel-
lants, that order is final and conclusive upon all the parties, and

upon this court; and there can be no question before this court now, except one of jurisdiction of the court below. Chartiers's Appeal, 4 Sad. Rep. 464. See also Re Kensington & O. Turnp. Co. 97 Pa. 269.

The fact that the viewers reported that the bed of the alley was dedicated to public use could do no one any harm, because it was true as a matter of law, for the deeds of the adjoining owners called for the alley, as laid out, as a boundary; and this was a dedication, by the former owners of the alley, to public use. Re Pearl Street, 111 Pa. 571, 5 Atl. 430.

While we do not dispute the doctrine of law that marks on the ground control courses and distances, yet we contend that the mark, if any, in this case, is the alley as laid out by the company; and we further contend that even if appellants' fences did extend beyond the marks on the ground, viz., the alley as laid out by the company, or beyond the line as determined by a proper survey, they could not be considered as marking the proper boundary. Thompson v. Kauffelt, 110 Pa. 214, 1 Atl. 267.

PER CURIAM:

As the alley in question was one that had been dedicated, by the original owners of the property, to public use, the borough authorities might have opened it without process to assess damages, and as the proceedings for that purpose did the appellants no harm, they cannot be heard to complain. It is also clear, from what we discover in the deeds of the original proprietors, who caused the lots and streets to be laid out, that the alley in controversy has been properly located.

The decree is affirmed and appeal dismissed, at the costs of appellants.